IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NORTHERN DISTRICT OF TEXAS
FILED
SEP 15 2015
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| JERMAINE DUANE IRVIN, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:15-CV-551-A |
| § | (NO. 4:13-CR-035-A) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION AND ORDER

Came on for decision the motion of Jermaine Duane Irvin ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, the documents filed by movant on September 8 and 14 (which the court considers to be movant's reply), and pertinent parts of the record in Case No. 4:13-CR-035-A, styled "United States of America v. Osamu John Hack, et al.," the court has concluded that such motion should be denied.

I.

Background

Information contained in the record of Case No. 4:13-CR-035-A discloses the following background that is potentially

pertinent to the grounds of movant's motion:

On February 28, 2013, movant was named in a criminal complaint alleging conspiracy to possess a controlled substance with intent to distribute. On March 13, 2013, he was named, along with four others, in an indictment charging conspiracy to possess a controlled substance with intent to distribute, in violation of 21 U.S.C. § 846. On May 7, 2013, movant was named in a superseding indictment, along with three others, charging the same violation as the earlier indictment. Movants co-defendants chose to plead guilty; movant chose to go to trial. Movant was convicted and sentenced to a term of imprisonment of 420 months, which was withing his guideline range of 360 months to life. Movant appealed and his judgment was affirmed. United States v. Irvin, 571 F. App'x 312 (5th Cir. 2014).

The government does not dispute that movant has timely filed his motion under 28 U.S.C. § 2255. The pertinent facts are adequately summarized by the government's response and will not be repeated here.

2

II.

<u>Grounds of the Motion</u>

Movant asserts thirteen grounds in support of his motion, worded as follows[1]:

**Ground 1**- The conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure of Movant's home and Movant's cell phone all in violation of Movant's vested 4th amendment Guaranteed Rights under the 1791 Constitution of the United States and Bill of Rights.

**Ground 2**- The conviction was obtained based on unconstitutional evidence obtained pursuant to an illegal and unlawful arrest.

**Ground 3**- The conviction was obtained in violation of the Fifth Amendment privlege [sic] against self-incrimination.

**Ground 4**- The conviction was obtained by the unconstitutional failure of the prosecution to disclose to the court, jury, and defendant evidence favorable to the defendant.

**Ground 5**- Denial of effective assistance of counsel in violation of sixth amendment of 1791 Constitution of the United States.

---

[1] These grounds are set forth at unnumbered pages 24-30 of his motion, hereinafter "Doc. 1," in reference to the court's docket in this Case No. 4:15-CV-551-A.

3

**Ground 6-** Movant was never charged by the A.U.S.A. or proven to be in possession, care, custody, or control of a "specific" drug type nor a "specific" drug amount before the jury.

**Ground 7-** Movant was given an additional +6 points on his P.S.R. without having been accused or charged of these "charges" by way of his indictment.

**Ground 8-** The Movant challenges the "career offender" enhancement under 4B1.1 imposed upon the Movant and used by the swon government officials and their agent's [sic] acting under color of law and the color of office of the United States of America, Incorporated. Where the district judge illegally, unlawfully and unconstitutionally imposed a 420 month sentence upon the Movant by using to state priors that were not "serious drug offenses" or "serious crimes of violence", where the district judge used case no. 1060862 D-delivery of less than 1 gram of "crack cocaine" and case no. 0852618 D-aggravated assault causing serious bodily injury. The 1791 Constitution of the United States and Bill of Rights under the 5th, 6th and 10th amendment[s] forbid[s] the use of such generic "state priors" for enhancement purposes. Where the district court imposed a greater sentence using the priors than was originally imposed.

4

**Ground 9-** The District Judge failed to explain to the jury concerning a "limiting instruction" allowing issues of law to be presented inaccurately and improperly in such substantial ways as to violate due process.

**Ground 10-** The Movant's due process rights were violated where the District Judge deliberately and knowingly denied the jury of their right[s] to: 1) Hear the "audio" of the Movant's "drug talk" and/or "agreement" to participate or take part in this conspiracy. 2) Give an accurate definition to the jurors in regards to their question, "What constitutes a conspiracy?" which they specifically asked by way of a "note" to the District Judge during deliberations in the guilt/innocence phase of the Movant's trial.

**Ground 11-** The Movant had the one count indictment against him dismissed after sentencing by The Government. So the federal question is, without an indictment, What is the charging instrument that is holding the Movant in prison?

**Ground 12-** The Movant was subjected to a "Napue Violation" where the government knew that convicted felon John Osamu Hack's testimony was false and/or perjured.

**Ground 13-** The Movant was subjected to a "sentencing disparity" where the Movant was given a harsher sentence that The Leader[s], Organizer[s], Cartel Member[s] and Individual[s] who

5

were actually found in possession of the methamphetamine in this conspiracy in violation of the "Holder Memorandum."

III.

Analysis

A.  Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

6

B.  <u>Legal Standard for Ineffective Assistance of Counsel Claim</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); see also <u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." <u>Strickland</u>, 466 U.S. at 697; see also <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562 U.S. 86 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 563 U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689. Stated differently, the question is

7

whether counsel's representation amounted to incompetence under prevailing professional norms and not whether it deviated from best practices or most common custom. Premo v. Moore, 562 U.S. 115, 122 (2011).

C. The Majority of Movant's Claims are Barred

Movant's first two grounds allege violation of the Fourth Amendment. However, § 2255 does not serve as a forum to litigate suppression issues that could have been raised in the underlying criminal proceeding. Stone v. Powell, 428 U.S. 465 (1976)(holding that a Fourth Amendment challenge cannot be raised in a collateral attack by a state prisoner); United States v. Ishmael, 343 F.3d 741, 742 (5th Cir. 2003)(extending Stone to federal prisoners bringing § 2255 claims).

In his third ground, movant complains that his own testimony was used against him in violation of the Fifth Amendment. Movant was not compelled to be a witness against himself, however. He chose to testify.

Movant next complains that the government failed to disclose evidence favorable to him. Specifically, he alleges that the government failed to disclose a text message from a co-conspirator's wife that she would "drop this dope off on your porch . . ." Movant fails to explain how such evidence would have been exculpatory. But, in any event, as the government notes,

8

movant knew of the text message and testified about it at trial. Further, movant could have, but failed to, raise this issue on appeal. Thus, it is waived. Shaid, 937 F.2d at 232. Movant additionally complains that the court did not allow the jury to hear a certain recording, instead giving them a transcript the parties had agreed was accurate. The insinuation is that the recording was withheld, but that is not the case, as the parties had to listen to the recording and agree that the transcript was accurate, meaning that the speakers were identified and the words they spoke were properly transcribed.

In his sixth ground, movant alleges that he was never charged with or proven to have had any specific drug type or amount. Clearly, movant was charged in the superseding indictment with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and the jury charge clearly spelled out the elements the jury had to find beyond a reasonable doubt to convict movant, which it did. Movant failed to raise this issue on appeal and cannot raise it here. Shaid, 937 F.2d at 232. Further, to the extent movant purports to rely on the "Holder Memorandum," internal policies of the Justice Department do not confer any constitutionally protected rights. United States v. Cooks, 589 F.3d 173, 184 (5th Cir. 2009).

Grounds 7 and 8 raise sentencing issues under the guidelines, which are barred by procedural default. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).

Grounds 9 and 10 raise issues regarding instructions to the jury, which are likewise barred. Shaid, 937 F.2d at 232. See also United States v. Kalish, 780 F.2d 506, 508 (5th CIr. 1986); Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

Ground 11 challenges the government's dismissal of the indictment after movant's sentencing. As movant was tried and convicted pursuant to the superseding indictment, dismissal of the original indictment followed. This ground is frivolous.

Ground 12 addresses an alleged "Napue violation," apparently referring to Napue v. Illinois, 360 U.S. 264 (1959), in which the Supreme Court held that the government's knowing use of false evidence violates the Fifth and Fourteenth Amendments. Movant merely alleges that a co-defendant who testified against movant did not mention movant's name when he was first debriefed. This allegation is not supported by any facts from which it could be determined that (1) the witness gave false testimony; (2) the falsity was material and would have affected the jury's verdict; and (3) the government used the testimony knowing it was false. Reed v. Quarterman, 504 F.3d 465, 473 (5th Cir. 2007).

In Ground 13, movant asserts that he was subjected to a sentencing disparity, because he was given a harsher sentence than other co-conspirators. Again, the claim is procedurally defaulted. Shaid, 937 F.2d at 232. Again, the Holder memorandum does not afford movant any relief. Cooks, 589 F.3d at 184. The fact that movant received a longer sentence than his co-conspirators was based on a number of factors. There is no evidence of a sentencing disparity in the statutory sense. United States v. Candia, 454 F.3d 468, 476 (5th Cir. 2006)(the disparity factor refers to a comparison of similarly-situated defendants nationwide). Movant was sentenced within the guideline range and cannot complain here.

D. Ineffective Assistance

In his Ground 5, movant alleges that he received ineffective assistance of counsel. Movant sets forth his allegations in eight separate paragraphs, most of which are conclusory.

In paragraph A, movant alleges that his counsel repeatedly permitted the court and "other Sworn Officials to join together on one body and conspire to deprive Movant of a fair and impartial jury trial." Doc. 1 at 26. This allegation is wholly insufficient. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

11

In paragraph B, movant alleges that his counsel refused to request a mental health evaluation, although everyone was aware of movant's receiving benefits based on his mental health. The record reflects that movant's counsel was aware of his condition, but did not have reason to believe that movant was insane or incompetent. CR Doc. 173 at 2.[2] The court took movant's condition into account at sentencing, but noted that his mental conditions did not justify the offense conduct. CR Doc. 210 at 21-22. There is no reason to believe that a mental health evaluation would have materially affected the outcome.

In paragraph C, movant again makes conclusory allegations, this time about his counsel's alleged failure to suppress illegal, unlawful, and unconstitutionally obtained evidence. He does not allege any facts to support these allegations.

In paragraph D, movant says that his counsel failed to challenge the jury selection under Batson, but alleges no facts to support any Batson violation. The record does not support any such violation. CR Doc. 208 at 29-95.

In paragraph E, movant complains about his counsel's alleged failure to make Miranda challenges. The record negates that any

---

[2]The "CR Doc. ___" references are to the numbers assigned to the referenced items on the court's docket in Case No. 4:13-CR-035-A, the underlying criminal action at issue.

such challenge could have been made. See, e.g., CR Doc. 208 at 175-76, 178, 229-30.

In paragraph F, movant complains about counsel's alleged failure to seek to suppress evidence. Again, the record is clear that movant gave consent to the search about which he complains. Id.

In paragraph G, movant complains that counsel failed to present certain evidence that would have proven movant's actual innocence. Movant himself testified regarding the evidence to which he refers. CR Doc. 208 at 252-54. In any event, movant's actual innocence could not have been proven. See CR Doc. 210 at 10 (the court finding that movant had lied under oath in a knowing and willful attempt to obstruct justice).

Finally, in paragraph H, movant contends that counsel failed to challenge his status as a career offender. The record establishes that such a challenge would have been without merit. CR Doc. 66; CR Doc. 209 at 42-43. Counsel cannot be faulted for failing to raise meritless arguments. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

IV.

Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 15, 2015.

_____
JOHN McBRYDE
United States District Judge